**DETROIT TRUST CO. v. BARLUM S. S. CO.**
(two cases).

### THE THOMAS BARLUM.
### THE JOHN J. BARLUM.

District Court, W. D. New York.
Feb. 17, 1932.

Miller, Canfield, Paddock & Stone, of Detroit, Mich., and Stanley & Gidley, of Buffalo, N. Y. (Ray M. Stanley, of Buffalo, N. Y., of counsel), for libelant.

George E. Brand, of Detroit, Mich., (Thomas C. Burke and Charles S. Desmond, both of Buffalo, N. Y., of counsel), for claimant.

ADLER, District Judge.

Libels were filed herein for the foreclosure of two preferred mortgages on the steamers Thomas Barlum and John J. Barlum. Exceptions to the libels are filed by Barlum Steamship Company, claimant of both steamers.

The principal ground of the exceptions is that the statute under which the libels are brought is null, void, and of no effect, and violative of the United States Constitution.

The foreclosures herein are being prosecuted as authorized by the Ship Mortgage Act, title 46, § 951, USCA. The question presented to the court is the constitutionality of that act.

After consideration of the arguments of counsel and a study of the authorities cited in their briefs, I have decided to adopt the reasoning and conclusion of Judge Partridge in The Nanking (D. C.) 292 F. 642. It seems to me that the power of Congress under the Constitution to assign to the courts certain duties under the head of admiralty and maritime jurisdiction, is not less than the power of Parliament under the English constitution. Some years ago Parliament provided for the administration in admiralty of transactions relative to mortgage loans. In the cases in which the constitutionality of the foreclosure provisions of the Ship Mortgage Act have been considered, the District Courts have determined in favor of their constitutionality. While this court is not bound by those decisions, I believe that the reasoning in The Nanking is sound. The right to foreclose in admiralty, given by this statute, does not it seems to me come within the prohibition against the broadening or enlarging of admiralty and maritime jurisdiction as granted to the court by the Constitution. It is rather a procedural method for the court to apply in determining equitable relief. The admiralty courts have always administered funds which were the proceeds of mortgages. The Congress, by providing for the foreclosure of a preferred mortgage on a ship, which is itself a maritime thing, by that statute simply designates the procedure by which the fund is created.

I am convinced that the statute is constitutional, and the exceptions to the libels are therefore not sustained.